# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN L. LASK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1948 CAS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on plaintiff's application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1)(B). The Commissioner does not object to the request for attorney's fees.

### *Background*

On December 16, 2008, plaintiff Karen Lask filed the above-captioned cause of action challenging the denial of her applications for disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 401 et seq. On January 5, 2010, in an order adopting the Report and Recommendation of United States Magistrate Lewis M. Blanton, the Court reversed the decision of the administrative law judge ("ALJ") and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel filed the present application for attorney's fees on January 26, 2010.

Plaintiff seeks attorney's fees for 17.1 hours of work done by attorneys David Camp and Steve Wolf at the rate of $173.36 per hour. The total amount of fees sought by plaintiff is Two Thousand Nine Hundred Sixty-Four Dollars and Forty-Six Cents ($2,964.45).

*Discussion*

The Court finds the award of attorneys' fees is proper in this case. Section 2412 of the Equal Access to Justice Act (EAJA) provides that a court:

> shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. Id.

Plaintiff has met all of these requirements in the instant matter. The Court reversed the ALJ's adverse decision and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Supreme Court has stated that "a party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Furthermore, the Commissioner's position was not substantially justified. The Commissioner himself filed a motion to remand the case pursuant to sentence four of 42 U.S.C. § 405(g).

The Court further finds that plaintiff's application for attorney's fees is reasonable as to hours spent on this matter, and that sufficient proof has been submitted to support the request for fees in excess of the statutory limit. See McNulty V. Sullivan, 886 F.2d 1074, 1074-75 (8th Cir. 1989). The EAJA provides that attorney's fees may be awarded in excess of the maximum hourly rate of $125.00 per hour as provided by statute if "the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has held that the Court may increase the limit on attorney's fees if provided proper proof that

reflects an increase in the cost of living.  Kelley v. Bowen, 862 F.2d 1333, 1336 (8th Cir. 1988). Plaintiff has submitted substantial proof, including the Consumer Price Index, in support of her request for fees at a rate of $173.36 an hour.  The Court will award plaintiff attorney's fees in the amount of $2,964.45, for 17.1 hours of work at an hourly rate of $173.36.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for an award of attorney's fees in the amount of Two Thousand Nine Hundred Sixty-Four Dollars and Forty-Six Cents ($2,964.45), pursuant to the Equal Access to Justice Act is **GRANTED**.  [Doc. 22]  The award shall be made payable to David D. Camp, Esq.

 

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   17th    day of May, 2010.